is 21-1156, Cox v. Dex Media. Council for Appellant, if you would make your appearance and proceed, please. Christopher Murray for Appellant. May it please the Court. First, I just wanted to respectfully acknowledge that the glasses I'm wearing this morning may be a little out of place for this setting and for a courtroom setting. I just wanted to note for the Court that they're That's okay. Thank you. This is one of those rare cases in which an arbitrator's award should be vacated under the Federal Arbitration Act and the Manifest Disregard of the Law Doctrine. There are at least two features of this arbitration award that are unusual. First, the arbitrator expressly stated in her award that she was not going to be explaining the all of the evidence and analysis that supported her award. That was contrary to a provision in the party's arbitration agreement that provides that the arbitrator's award should be in writing and should reveal the essential findings and conclusions on which the award is based. Here, the arbitrator expressly stated in her award that her award, um, the majority of the evidence on which her findings and conclusions were based and the arbitration award are based are not specifically referenced herein. That the evidence cited in the arbitration award is merely illustrative, I'm sorry, is illustrative of the totality of evidence introduced whose weight underlies the findings and conclusions, and that any reference to specific evidence is not to be construed as sole or even the most significant evidence supporting a finding or conclusion. And finally, she stated that the arbitration award summarily explained some, but not all, of the arbitrator's analysis. The arbitrator thus expressly stated... It isn't that consistent, isn't that consistent though with the idea that she was expressing the essential portions of her analysis. She says it's, it's some, but not all of my reasoning. Um, I mean, can't we infer from that, that she was, she was just giving what was essential and not going to give an exhaustive recitation. I think Your Honor, that there are at least two features of the arbitration award that, that, uh, pose an obstacle to that conclusion. First is her statement that her award does not even necessarily state the most significant evidence. I think significant evidence would probably be considered, uh, an essential, essential evidence. Second, the district court found and agreed that in fact the arbitrator never explained in applying the McDonnell-Douglas burden shifting, uh, framework. The arbitrator never explained that she was making the inference, the leap of inference from a finding of pretext to a conclusion that there had been age discrimination. So the district, although the district court's decision suggested that the district court found that the essential findings had been included within the arbitration award, the district court's own opinion then undermined that conclusion. And the arb, uh, the district court stated that the arbitrator did not specifically state that she inferred from the prima facie case and evidence of pretext, that age was the factor that made the difference in Dex's decision. That would probably be the essential finding. Well, on page 79 of the record, didn't the arbitrator say that Ms. Cox left her employment because of unlawful age discrimination? I mean, how can, how, how much more direct can you be that she's saying that ultimately at the end of the day, age made the difference? She doesn't explain how she, she got to conclusion. Your honor, in light of Ms. Cox's allegations that her, her, uh, demotion was allegedly caused either by age discrimination or by disability discrimination, the arbitrator specifically found, she specifically found that the offered rationale was merely pursuing one theory of discrimination. In this case, an age discrimination theory on its own. Then I think under the, the, under the precedent, uh, that would be a sufficient finding that she found pretext and that that would at least allow her to infer the age discrimination was the true concealed reason. But here she also found that disability was not the true but concealed reason. And she never explained why she found one, but not the other onto this. I mean, doesn't that, I mean, once she found that disability was, um, was out, doesn't she necessarily make the pretext finding on the age claim? She would, she never explained why she found one and not the other, your honor, based solely on a finding of pretext. And I, I would suggest that a finding of pretext cannot allow a fact finder merely then to have any, to choose whatever theory of discrimination they want, uh, and choose some and not others pretext does allow a fact finder to infer discrimination, but doesn't mandate it. And it also doesn't tell a fact finder, which theory of discrimination to, to find. Well, you're objecting to the fact that she did not give reasons why she decided in your favor on the, on the, uh, discrimination area. Well, your honor, I think what we're ultimately what we're acting to is that she did not, if you win the point, why do you want additional information in there on why you won the point? Right. Your honor. So, uh, well the, uh, the ultimate question here, obviously this court's, uh, review is limited, uh, because this is an arbitration award. And the, the ultimate thing we're asking this court to review is the fact that the arbitrator didn't comply with the arbitration award or agreement. I'm sorry. The arbitration agreement did not comply with the party's arbitration agreement, which required that she explained the essential findings. And of course we're right now we're speculating as to what her, what her rationale may have been just as the district court had to do. And just as the parties had to do because she didn't. Why I, I am troubled to try to understand why that's the case. I mean, if there were two theories of discrimination put forward, she knocked out one, she found the determination of pretext and she found that the reason that Ms. Cox left was because of unlawful age discrimination. If she's applying the McDonnell Douglas framework and she makes a finding as it relates to pretext, it naturally follows that the pretext that she found related to the age discrimination that she did find to exist. I mean, it wouldn't make sense otherwise. I mean, I, and, and so my point would be to would be essentials means exactly that essentials. And so why is there any need to have anything more than that? Uh, Your Honor, I think it's because she doesn't explain how she gets from a finding of pretext to a finding of age discrimination and knocking out the disability discrimination. Well, going back to judge Kelly's point, what difference does it make? I mean, you want on the, the disability discrimination, what difference does it make? She's saying there isn't a basis for it. So, so what difference does it make? Uh, ultimately the difference is to the second, the second feature of her arbitration award that makes it unusual. And that's that she expressly rejected grosses, but for causation standard. Uh, she rejected, she rejected the sole cause you're, you're stating you're overstating gross. Uh, and that's what she took issue with your honor. That is certainly the district court's theory to explain her rejection. And that's also Ms. Cox's, uh, theory to explain the rejection, but would respectfully note that in fact, uh, decks is briefing and arguments in district court and in, I'm sorry, in the arbitration don't make an argument that she needed to prove a sole motivating factor. Um, that's a, that's speculation that the district court engaged in that. In fact, the arbitrator didn't mean what she said. And the fact that she was attempting to reject the mischaracterization of growth, but there is no fine. There is no showing that, uh, decks actually did mischaracterize gross, uh, in your argument. Aren't you arguing that age must be the position that gross requires age to be the reason, um, not the exclusive reason your honor, but it does need to be the, but for cause or a, but for a reason, uh, for, uh, and didn't the Supreme court say in, in the Caroline case that every event has many actual causes. Yeah, it did your honor. Um, it ultimately, the question is, did, did her age, was it a factor that made a difference? Would the arbitrator found it was specifically found it was in the arbitrator did not explain how she got to that because Ms. Uh, Ms. To the evidence and got to point. But both if, if your honor, if they had, if they had pursued a theory of, uh, something other than McDonnell Douglas burden shifting theory, if they had argued that there was direct evidence or even pretext plus pretext plus direct evidence. But in fact, um, Ms. Uh, Ms. Cox and the district court all rejected the idea that she was pursuing anything other than So the only thing that the arbitrator had was a finding of pretext according to the arbitrator's decision in the district court. Uh, that's what she was, that the arbitrator then used to make the leap of inference to the, it was something other than the proffered legitimate non-discriminatory reasons offered by, uh, decks. Uh, and yet the arbitrator first having stated that she was not going to necessarily state the most important evidence supporting her award stating that she was not necessarily going to give her full analysis in the award and stating that she was rejecting gross without explaining why she was rejecting it. Well, she said she rejected your, but for your statement of, but for analysis. And, and let me, let me, let me ask this question. Just work with me for a second here. Let's, let's just assume that that language is enigmatic. We, we don't know what the court, what the arbitrator was doing with that. Doesn't ultimately the only thing that matters is that the court, I'm not the court, the arbitrator applied the right legal standard. In other words, even if there's some quirky passage in there that we can't make any sense of, if it, if it is clear that the arbitrator understood the law by virtue of the substance of its analysis, isn't that all that's all that matters? And, and on that point, she speaks in itself, but for, doesn't it? Oh, I think actually, I think what's important is that the arbitrator applied the arbitration agreement. Well, that, that, that doesn't answer my question. My question is, isn't the substance of what she did. If the substance of the analysis indicates that she applied a, but for standard in rendering the award, the fact that there's some quirky language in there that we can't make sense of, or which may be open to speculation that doesn't change anything, right? Well, your honor, I, I respectfully think that it does because the arbitration award required her to explain her reasoning and to, in addition to applying the governing law, which I think is the second factor. And I think your honor, yes, I agree with that. She, the second factor says that she, the agreement says she will apply the governing law. And I understand under this hypothetical, we're saying that, well, the court could find that she did apply the governing law, but the other aspect of the agreement is that she'll explain her essential reasoning. And she hasn't done that. And the parties under the, under the arbitration precedent, the parties have a right to have their arbitration agreement applied as it's written. And that protects all of the parties, not merely just the employer, but also the employee that the, an arbitrator, especially given the lenient standard of review can essentially make his or her award unreviewable by, by doing what the arbitrator did here saying, I'm not going to necessarily tell you what my most important reasoning is. And then giving a highly deferential standard of review, the court will can speculate or infer that she actually, or he applied the correct law. Well, given the deferential standard of review is there, is there any case law that you would have that would be analogous to this situation that would suggest that we should, because what it seems to me at some level, we're, we're required to parse language here to get where you want us to get. And, and I'm not sure that that that's contemplated under the deferential standard of review, even, and the word essential in your agreement. In your eyes, I would just note that I I'm getting near the end of my time. I would request a leave to reserve some form of bottle, but I do want to answer the court's question, obviously. Your honor, we have a Thor, a cited some authority in our brief, in which, which cases, awards have been vacated because of the arbitrator's failure to explain his or her reasoning where that was required by the agreement. I'll need for a moment to look in my brief. That's okay. That's fine. All right. And if you can hold now, if you would like to, and we'll go to the, your opponent. Hey, please the court. Good morning. My name is Ariel Defazio, and I am representing the Eppley in this case, Mary Jane Cox. It appears to me from the panel's questioning that, that there's a great appreciation for the enforceability of this award. And frankly, all the points that Ms. Cox made in her briefing. So with that, I'll just provide a brief opening and then open myself to your questions. Don't read too much into the question, Mr. Fazio. I don't take too much for granted. Go ahead. Okay, of course. So January 30th of 2022 will mark two years since Ms. Cox won her arbitration here in Denver. Since then, DEX has appealed the award twice and has brought us here essentially to have three more judges review an award that was properly affirmed by the district court. This case should have stopped after Judge Connie Peterson made her award. The parties chose her as a fact finder. She sat through three days of evidence at a hearing and the delay in expense that has resulted since then has been not only a hardship for Ms. Cox, but also is emblematic of the kinds of maneuvers that frustrate the purpose of arbitration. They ignore the extreme deference that's owed to an arbitrator and the finality of her award. Well, arguably, arguably the arbitrator here is testing that deference. I mean, some of that language is, I've never seen this language where she says that, well, I may not necessarily give you all that I got. And, you know, I, this may just be illustrative award may not. I mean, of course, I'm paraphrasing, but it just seemed to be this, this long statement of telling us that she may hide the ball from us. I mean, what purpose is served by that? And how can we be sure given that statement that in fact, she is giving us the essentials consistent with what the agreement requires? Certainly, Your Honor, I agree that it is an unusual, seemingly boilerplate paragraph that appears early on in her, in her award. However, that the district court looked to just the simple common definition for essential since it's not defined in the arbitration agreement and came up with the fact that they needed to be basic, indispensable and necessary. So that means just by virtue of that definition, that not every single exhaustive detail needs to be included in the award, just the items that touch upon Ms. Cox's age discrimination claim. So the arbitrator discusses that Ms. Cox made out of prima facie case, and then she goes into some detail about why the legitimate non-discriminatory reasons provided by decks for her demotion were and so that the district court found were the essential findings that were required in this award. So regardless of that, you know, somewhat bizarre language, she did get to the, the right legal standard and laid out the essential findings thereof. Well, I mean, go ahead, Judge Holmes. No, please go ahead, Judge Carson. Well, I was just gonna, I was just gonna ask, just thumbing through the, the arbitrator's award again, and it's got 25 paragraphs of findings, and it seems to me that, that maybe the findings don't necessarily jive with the idea that she wasn't going to give a good, a good factual or legal basis for her decision. It's sort of a it struck me that, that they don't necessarily match the, I'm not going to tell you what I'm doing, but then she spent 25 paragraphs telling us what she was doing. I agree, Your Honor. And frankly, that's what makes it appear to be a boilerplate paragraph, because she then goes on to provide a rather detailed assessment of the pretext evidence. Yes, I agree with that. Certainly. What do you do with that language? Where, and I, I mean, I understand your argument about that, that she was rejecting Dex's sole cause, essentially, on analysis. But if you look at Dex's briefs to the arbitrator, she, they don't use the word sole cause. There's nowhere in there that they do that. And so, I mean, where do you, how can one infer that that's, in fact, what she was projecting? Correct, Your Honor, that they did not use the term sole cause. However, what they did is repeat three times in three briefs to the arbitrator that Ms. Cox could only prevail if she showed that age was the but-for cause for the, her demotion and her constructive discharge. Now, that does accurately state gross. However, it misses the really important nuance that this court added to the but-for causation requirement in Jones versus Oklahoma City Public Schools, which is that a plaintiff can prevail on an age discrimination case if they show that age is the factor that made a difference. And that's, that's what essentially should have been cited to her. And the Dex may have cited Jones several times in their brief to the arbitrator, but not once did they cite Jones for the purpose of fleshing out the but-for causation requirement from gross. And furthermore, from the context of the award, one can tell that, you know, the arbitrator did apply the correct law as described in gross. There's, or as described in Jones, there's nothing else beyond the prima facie case and pretext evidence that's required. And that's, in fact, why in Jones, the district court's award of summary judgment was reversed by the circuit because the district court had required an increased burden on that plaintiff when, in fact, that's not the law now under the ADEA in age discrimination case. What about the argument that even if there's a finding of pretext, it's not clear that that finding of pretext links to the arbitrator's ultimate determination that the reason that she left was because of unlawful age discrimination. In other words, the suggestion that you can find pretext, but there needs to be some ability to link that pretext up to the ground of discrimination that ends up being the basis for the award. Sure. Certainly, Your Honor. I think the answer to that is it depends on the nature of the evidence. And here, the vast majority of the evidence that was introduced at the hearing pertained to age discrimination specifically. So, you know, among other things, there was new leadership that came in in early 2014. There was a new CEO and chief revenue officer who essentially went on the road and talked to employees all around the country about how they had a new vision for the company where they were going to be hiring young, digitally savvy people with lots of energy. So they were making blatantly ageist comments to the employees of the company. Ms. Cox testified to that along with three other witnesses. She was also not allowed to hire a person over the age of 40. She was told directly by a recruiter that she was not allowed to do so because that individual was over 40. And the recruiter had been given basically marching orders to only hire people in their 20s and 30s. Ms. Cox had consistently outperformed two younger sales directors in her region. And her supervisor at the time even told her in confidence if they ever did need to demote somebody, it would be one of these two women because they were performing poorly. There was also the fact that the criteria that were used to create the rankings, according to which Ms. Cox was demoted and ultimately constructively discharged, were suspect. The arbitrator found much of the data put into those rankings to be suspect. That included the fact that 25% of the rating was based on a subjective leadership assessment that was actually changed to Ms. Cox's detriment. And the comments in it were completely inconsistent with her performance. The 75% of quantitative data that went into that was lacking certain criteria that were normally used to rate sales directors but were omitted and actually would have been terribly helpful to Ms. Cox. And then there's also, please. Let me ask you for a moment. Let's assume for the moment that I cannot discern or at least I think it would not be a productive exercise to what the arbitrator meant by this passage about rejecting Dex's but for standard as being misleading and incorrect. Let's assume that I put that to a side. Isn't it enough for your purposes that the substance of the arbitration award itself indicates that the court applied the correct law in making that determination? Yes, I do agree with that. Thank you. Any other questions from my colleagues? I have no questions. No, I'm fine. Anything more, Mr. Padgett? No. Thank you very much for your time. Thank you. Mr. Murray, you had 38 seconds. Could you round that to a minute for him, please? Great. Please proceed. Thank you, Your Honor. Your Honor, to the question the court asked before at the conclusion of my initial time, I did want to respectfully direct the court to page 42 of our opening brief where we cite the case Western Employers from the Ninth Circuit. In that case, the court did hold that the arbitrators had exceeded their authority in refusing to make findings of fact and conclusions of law in the face of the party's contract calling for such findings. So we respectfully draw the court's attention to that. I did want to also... What is the difference, excuse me, what is the difference between a contract that says make findings and conclusions and a contract that says essential reasons? Your Honor, I think here this contract does refer to essential and at the same time, you do have the arbitrator stating that she's not necessarily providing the most important evidence in her view. Well, she's not repeating all the evidence she heard, but what is the essential fact? Your Honor, I think here the district court highlighted that best in its own opinion where it said that the district court or where the district court stated that the arbitrator never explained that she was finding age discrimination based on the finding or alleged finding of pretext. That would certainly seem to be the essential finding in this case, Your Honor. And as the district court noted, the arbitrator never explained that leap of inference. I see I'm at the conclusion of my time. Thank you. Any more questions, colleagues? All right. Thank you. The case is submitted. Thank you for your arguments. Thank you. Thank you.